Larry **BEYERBACH**, Plaintiff–Appellee,

v.

Hobert **SEARS**, CO II; Melvin H. Smith; Linda Minshall, Defendants– Appellants.

No. 94–2061.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1994.

Decided March 8, 1995.

Michael Eugene Cook Pritchett, Jefferson City, MO, argued (Jeremiah W. (Jay) Nixon,

John R. Munich and Michael Pritchett, on the brief), for appellants.

Philip R. Dupont, Kansas City, MO, argued, for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

HANSEN, Circuit Judge.

The defendants, Hobert Sears, Melvin H. Smith, and Linda Minshall, appeal the district court's order denying them summary judgment on plaintiff Larry Beyerbach's claim under 42 U.S.C. § 1983 that defendants violated his Eighth Amendment rights. Beyerbach has alleged that the defendants acted with deliberate indifference to his medical needs by delaying treatment of his broken hand. The defendants assert that the district court erred in declining to award them summary judgment either on the merits of Beyerbach's complaint or on the basis of qualified immunity. We reverse.

## I.

The following facts appear to be undisputed. On January 16, 1992, at approximately 4:35 p.m., Larry Beyerbach, an inmate at the Jefferson City Correctional Center (JCCC), caught his hand in his cell door as it was being closed. Melvin Smith was a corrections officer working in Beyerbach's housing unit at the time of the injury. Hobert Sears was the sergeant in charge of the housing unit at the time of the injury.

At 7:20 p.m., Linda Minshall, a nurse for the Missouri Department of Corrections, examined Beyerbach's hand. Minshall directed Beyerbach to apply ice to his hand, gave him Tylenol for the pain, and recommended an x-ray to determine further the extent of the injury. Beyerbach received ice for his hand at approximately 10:00 p.m. On January 17, 1992, at 12:45 p.m., Beyerbach was taken to the JCCC medical facilities where his hand was x-rayed. The x-ray showed a break in one of the bones of the hand that connects to the little finger. Dr. Exon, a JCCC physician, put a cast on Beyerbach's hand and scheduled him to return for an appointment in three weeks. Beyerbach returned, and Dr. Exon provided additional treatment.

Beyerbach filed this action under 42 U.S.C. § 1983, alleging that Sears, Smith, and Minshall violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide prompt and proper medical treatment for his broken hand. Beyerbach alleged that the 2- to 3-hour delay before seeing the nurse, the 2-hour delay in receiving ice the nurse ordered, and the 17-hour delay between the time the x-rays were ordered and taken, all constitute separate instances of cruel and unusual punishment. The parties consented to proceed before a United States Magistrate Judge. 28 U.S.C. § 636(c). The defendants moved for summary judgment on the merits of Beyerbach's complaint and on the basis of qualified immunity from judgment. The magistrate judge denied the motion for summary judgment and the defendants appeal.

## II.

"While the denial of a motion for summary judgment is not normally an appealable final judgment, an exception exists for a summary judgment order denying qualified immunity ... [and for] issues of law that are closely related to the qualified immunity determination." *Henderson v. Baird,* 29 F.3d 464, 467 (8th Cir.1994). The defendants' motion for summary judgment on the merits is a "closely related" issue because its resolution would dispose of the immunity issue. *See id.* Hence, we have jurisdiction over the entire appeal.

We review de novo the district court's grant or denial of summary judgment, using the same standards as the district court. *Get Away Club, Inc. v. Coleman,* 969 F.2d 664, 666 (8th Cir.1992). "Summary judgment is appropriate when there is no dispute between the parties as to any genuine issues of material fact and when the moving party is entitled to a judgment as a matter of law." *Id.* "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.'"

*Commercial Union Ins. Co. v. Schmidt,* 967 F.2d 270, 271 (8th Cir.1992) (quoting Fed. R.Civ.P. 56(e)).

■ To determine what facts are material, we look to the substantive law governing the dispute to identify the facts that are critical to the outcome. *Id.* at 272. Beyerbach alleges here that the defendants, prison officials, violated his Eighth Amendment right to be free of cruel and unusual punishment by temporarily delaying him medical care for his injured hand. "[A] prison official violates the Eighth Amendment only when two requirements are met." *Farmer v. Brennan,* ─── U.S. ───, ───, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 2323–24, 115 L.Ed.2d 271 (1991)). Second, a prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health or safety. *Id.* (quoting *Wilson,* 501 U.S. at 297, 111 S.Ct. at 2323–24).[1]

We believe this case turns on the objective component of the above test. We have previously held that a broken hand could be viewed as a serious injury. *Robinson v. Moreland,* 655 F.2d 887, 890 (8th Cir.1981). However, when the inmate alleges that the delay in treatment is the constitutional deprivation, the objective seriousness of the deprivation should also be measured "by reference to the *effect* of delay in treatment." *Hill,* 40 F.3d at 1188; *see also Wilson,* 501 U.S. at 303, 111 S.Ct. at 2326–27 (harmfulness of the deprivation to the prisoner is part of objective inquiry in an Eighth Amendment claim). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place *verifying medical evidence* in

the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill,* 40 F.3d at 1188 (emphasis added). We recently recognized these principles in a case factually very similar to this case, concluding that an inmate failed to satisfy the objective component of the test because the inmate failed to submit "sufficient evidence that defendants ignored 'an acute or escalating situation' or that delays adversely affected his prognosis, given the type of injury in this case." *Sherrer v. Stephens,* 50 F.3d 496, 497 (8th Cir.1995) (evidence insufficient where treatment for a broken finger was delayed, but ice, painkillers, and x-rays eventually given) (quoting *Givens v. Jones,* 900 F.2d 1229, 1233 (8th Cir.1990) (other citation omitted)).

Given these standards, we conclude that the magistrate judge erred in denying the defendants' motion for summary judgment. Beyerbach has failed to present any "verifying medical evidence," *Hill,* 40 F.3d at 1188, that defendants "'ignored an acute or escalating situation' or that delays adversely affected his prognosis, given the type of injury in this case." *Sherrer,* 50 F.3d at 497. The only medical evidence in the record on these issues is the affidavit of Dr. Robert L. Schoenen, II, which the defendants submitted with their motion for summary judgment. (Appellants' Adden. at A8.) Dr. Schoenen indicates: that the initial delay of two to three hours before seeing the nurse was normal and consistent with the delays occurring outside of prison for treatment of the same injury; that the Tylenol the nurse provided and the ice he later received were sufficient treatment for the pain Beyerbach would have; that Beyerbach's injury was not a critical or escalating situation that needed immediate x-ray and casting; and that the

---

1. Although *Farmer* is a conditions-of-confinement case, the analytical model it provides applies equally to deprivation of medical care cases. *See Hill v. Dekalb Regional Youth Detention Ctr.,* 40 F.3d 1176, 1186 (11th Cir.1994) ("deliberate indifference to serious medical needs standard has an objective and a subjective component") (quotation omitted); *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir.1994) (to establish deliberate indifference to serious medical needs must show that alleged deprivation, in objective terms, was sufficiently serious and that

the prison official acted subjectively with deliberate indifference to the serious need); *see also Wilson,* 501 U.S. at 303, 111 S.Ct. at 2326–27 (equating inadequate provision of medical care as a "condition" of confinement and equating subjective standard required for both types of claims); *Hudson v. McMillian,* 503 U.S. 1, 8–10, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (observing that analysis of the objective component in a conditions-of-confinement claim is similar to the objective component of a medical needs case because both require a serious deprivation of needs).

delays were medically acceptable and would not have jeopardized his prognosis. *See id.* Beyerbach declined to file a responsive affidavit or any other materials to counter Dr. Schoenen's statements.[2] Beyerbach thus, at a minimum, has failed his burden of going beyond the pleadings to demonstrate that there is a genuine issue of fact about whether the defendants ignored a critical or escalating situation or that the delay posed a substantial risk of serious harm. *See Commercial Union,* 967 F.2d at 271 ("Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial'"). Because such evidence is required for an inmate's claim to succeed, *Hill,* 40 F.3d at 1188, Beyerbach's failure to meet this burden is fatal to his case.

### III.

We conclude that Beyerbach has failed to submit evidence to establish the objective component of his claim and, therefore, the magistrate judge erred in denying the defendants' motion for summary judgment. Because we conclude that the magistrate judge erred in denying the defendants' motion for summary judgment on the merits, we need not reach the issue of qualified immunity. Accordingly, we reverse.

---

2. Beyerbach consciously declined to file an affidavit to counter Dr. Schoenen's statements. (Jt.App. at 75, n. 6.) Instead, Beyerbach relied on a motion to strike Dr. Schoenen's affidavit. (*Id.*) The district court granted the motion in part, and denied the motion in part when it denied summary judgment. (*Id.* at 94.) However-

er, the district court specifically declined to strike the portions related to his medical opinions and expertise. (*Id.*) Thus, those statements provided in the above text remain unrefuted for the purposes of the motion for summary judgment.