67 F.3d 303
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
James Russell ROSS, Appellant,
v.
Ernest JACKSON, Appellee.
 No. 95-1835
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 13, 1995
Filed: Sept. 22, 1995
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Russell Ross, a Missouri inmate, appeals from the District Court's[1] order granting summary judgment to the defendant in his 42 U.S.C. Sec. 1983 (1988) action. We affirm.
 
 
 2
 The relevant facts are undisputed. On August 12, 1994, Ernest Jackson, a dentist at the Jefferson City Correctional Center, examined Ross and recommended extraction of his 75-percent-decayed lower right wisdom tooth. Ross refused the extraction and demanded a root canal and filling, which he was not given. Ross filed this pro se complaint, alleging that Jackson's deliberate indifference to his serious dental needs violated the Eighth Amendment; both parties moved for summary judgment. The District Court granted Jackson's motion for summary judgment and denied Ross's motion.
 
 
 3
 We review a grant or denial of summary judgment de novo, using the same standard as the District Court. Beyerbach v. Sears, 49 F.3d 1324, 1325 (8th Cir.1995). We conclude that summary judgment was proper because Ross failed to produce any evidence that Jackson acted with deliberate indifference to his serious dental needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 4
 In support of his motion, Jackson submitted an affidavit indicating extraction was medically appropriate. In response, Ross offered only his own affidavit stating Jackson should have restored his lower right wisdom tooth because he had previously received a 30-percent-restoration of his lower left wisdom tooth and a 50- percent-restoration of another tooth. Even giving weight to Ross's lay opinions, his previous tooth restorations are not comparable to his 75-percent-decayed wisdom tooth or inconsistent with Jackson's recommended course of treatment. Ross's unsupported opinions fail to establish that Jackson treated Ross in a grossly incompetent manner or with a less effective treatment than was medically indicated. See Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir.1990) (stating grossly incompetent care can constitute deliberate indifference, as can doctor's decision to take easier and less efficacious course of treatment). Ross's displeasure with Jackson's medical judgment or mere disagreement in opinion with the recommended course of medical treatment is not actionable. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir.1990).
 
 
 5
 We do not address those arguments Ross raises for the first time on appeal. See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.1995) (per curiam).
 
 
 6
 The judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri