_____

No. 95-2418
_____

Myron Mathis,                        *
                                     *
          Appellant,                 *
                                     *
     v.                              *
                                     * Appeal from the United States
Paul Caspari; Jeff Terschluse;       * District Court for the
                                     * Eastern District of Missouri.
          Defendants,                *
                                     *     [UNPUBLISHED]
Sergeant Sue Jackson,                *
                                     *
          Appellee.                  *


_____

          Submitted:  December 26, 1995

             Filed:  January 2, 1996
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Myron Mathis brought a 42 U.S.C. § 1983 action against
Missouri Eastern Correctional Center officials after his cellmate
sexually assaulted him.  Mathis asserted defendants failed to
protect him from a known risk of harm, inadequately investigated
the assault, and transferred him in retaliation for his complaining
about the assault.  The district court[1] dismissed part of the
action and granted summary judgment as to the rest.  Mathis
appeals, and we affirm.

_____

     [1]The Honorable Stephen N. Limbaugh, United States District
Judge for the Eastern District of Missouri.

We review de novo a dismissal for failure to state a claim. See Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993).

We agree with the district court that Mathis's allegations of inadequate investigation did not state a constitutional violation. See Brown v. Frey, 889 F.2d 159, 170-71 (8th Cir. 1989), cert. denied, 493 U.S. 1088 (1990). Similarly, we agree that, given Mathis's admission in his complaint that he had accumulated seven conduct violations in a nine-month period, he failed to state a claim for retaliatory transfer. See Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993) (plaintiff must show that but for unconstitutional retaliatory motive, transfer would not have occurred), cert. denied, 114 S. Ct. 2684 (1994).

We also review de novo the district court's grant of summary judgment. Beyerbach v. Sears, 49 F.3d 1324, 1325 (8th Cir. 1995). Assuming that defendants were aware of a risk of assault to Mathis, we conclude--based on our review of the record and Mathis's brief on appeal--that summary judgment was appropriate because no reasonable factfinder could conclude that defendants failed to respond reasonably to the known risk. See Farmer v. Brennan, 114 S. Ct. 1970, 1982-84 (1994) (no liability for prison official who was aware of risk to inmate but who took reasonable measures to abate it); Bailey v. Wood, 909 F.2d 1197, 1200 (8th Cir. 1990). Defendants assigned Mathis to protective custody in direct response to his report of threats, and they placed him in a cell with an inmate of the same protective-custody status only after each of the two confirmed that the other was not an enemy. Cf. Reece v. Groose, 60 F.3d 487, 491 (8th Cir. 1995) (moving complainant to administrative segregation was apparently reasonable response, but evidence that defendant officials knew assailant had propensity to violence and knew complainant was at risk as well-known snitch raised question as to sufficiency of measures to abate risk).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.