_____

No. 95-2702
_____

Robert Lee Young,                      *
                                       *
           Appellant,                  *
                                       *
      v.                               *
                                       * Appeal from the United States
Dora B. Schriro; Michael Groose;       * District Court for the
Dr. Seiden; Dr. Manuel                 * Western District of Missouri.
Largaespada; Kristopher Reed,          *
M.A. also known as Christopher         *      [UNPUBLISHED]
B. Reves,                              *
                                       *
           Appellees.                  *

_____

Submitted:  December 22, 1995

Filed:  January 10, 1996
_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
_____

PER CURIAM.


     Robert Lee Young appeals from the district court's[1] grant of
summary judgment to defendants in his 42 U.S.C. § 1983 action.  We
affirm.


     Young, an inmate at Jefferson City Correctional Center,
alleged that defendant prison officials and medical personnel
denied him medical care and engaged in medical malpractice.
Specifically, Young alleged that he had constant head and neck

_____

     [1]The Honorable Scott O. Wright, United States District Judge
for the Western District of Missouri, adopting the Report and
Recommendation of the Honorable William A. Knox, United States
Magistrate Judge for the Western District of Missouri.

pain; that a doctor at the Fulton Diagnostic Center had indicated Young would "end up permanently hunched back" without proper medical care; that defendants knew of his condition and that it was worsening; and that defendants failed to x-ray his head for internal damage, hospitalize him, and/or send him to a specialist. With his complaint, Young submitted documents showing that in August and September 1994 he repeatedly requested medical care and a head x-ray for his complaints.

The four served defendants moved for summary judgment, arguing that Young did not show that he faced a risk to his health or that he had a serious medical need requiring treatment beyond what he had received. In support, defendants submitted Young's prison medical records, which showed that between August 1992 and September 1994 Young was x-rayed twice and that both x-rays were normal; that medical staff had responded to each of Young's medical service requests; and that Young had received forty-three prescriptions from prison medical staff. In response to Young's October 1993 complaints of high blood pressure, the records indicate that the medical staff periodically checked Young's blood pressure between November 1993 and January 1994. Defendants also provided the affidavit of a physician who had reviewed Young's medical records from the Fulton Diagnostic Center and noted that they contained no reference to a "hunchback" condition or to a potential for permanent back injury.

The district court granted defendants summary judgment, concluding that Young had produced no evidence to show that he was denied medical treatment and that Young's contention that he should have been x-rayed was mere disagreement with medical personnel and not actionable under section 1983.

We review the district court's grant of summary judgment de novo, using the same standards as the district court. Beyerbach v. Sears, 49 F.3d 1324, 1325 (8th Cir. 1995). To succeed on his

-2-

Eighth Amendment claim, Young must prove that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Because Young did not rebut defendants' evidence that he received prompt, regular treatment for his complaints and that he had no medical problems that were not being treated, the district court properly granted summary judgment. See Estelle, 429 U.S. at 107.

We note that Young's complaints concerning defendants' failure to provide additional head x-rays or other specific treatment amount to nothing more than mere disagreement with the course of his medical treatment and as such do not state an Eighth Amendment violation. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (no Eighth Amendment violation for denial of prisoner's requests to remain in hospital and receive more medication). Young offered no evidence that the course of treatment he was provided "so deviated from professional standards that it amounted to deliberate indifference in violation of his eighth amendment right to be free from cruel and unusual punishment." Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990).

Finally, we deny Young's motion for appointment of counsel on appeal.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-