_____

No. 94-3901SD

_____

Carroll W. Erickson,                    *
                                        *
          Plaintiff-Appellee,           *
                                        *
     v.                                 *
                                        *
Don Holloway, Pennington                *
County Sheriff; Pennington              *
County, South Dakota, an                *
organized county in the state           *
of South Dakota;                        *
                                        *
          Defendants,                    *
                                        *
Jeff Birdsall, guard employed           *
by the Pennington County Jail;          *
Robert Johnle, guard employed           *
by the Pennington County Jail;          *   Appeals from the United States
Dan Carver, Pennington County           *   District Court for the District
Deputy Sheriff;                         *   of South Dakota.
                                        *
          Defendants-Appellants,*
                                        *
Mary Evelyn Rogers, Pennington          *
County Deputy Sheriff,                  *
                                        *
          Defendant.                     *


          _____

          No. 94-4008SD

          _____

Carroll W. Erickson,                    *
                                        *
          Plaintiff-Appellant,          *
                                        *
     v.                                 *
                                        *
Don Holloway, Pennington County *
Sheriff; Pennington County,             *
South Dakota, an organized              *
county in the state of South            *
Dakota;                                 *
                                        *
          Defendants-Appellees,         *
                                        *

Jeff Birdsall, guard employed   *
by the Pennington County Jail;  *
Robert Johnle, guard employed   *
by the Pennington County Jail;  *
Dan Carver, Pennington County   *
Deputy Sheriff;                 *
                                *
          Defendants,           *
                                *
Mary Evelyn Rogers, Pennington  *
County Deputy Sheriff,          *
                                *
          Defendant-Appellee.   *
                 _____

          Submitted:  October 18, 1995

            Filed:  February 28, 1996
                 _____

Before FAGG, HEANEY, and HANSEN, Circuit Judges.
                 _____


FAGG, Circuit Judge.


     After Carroll W. Erickson was beaten by a fellow inmate in the
protective custody cell block at the Pennington County Jail,
Erickson brought this action under 42 U.S.C. § 1983 alleging
several officials failed to protect him from the assault and
interfered with a doctor's recommendations for treating his
injuries.  Deputy Sheriff Dan Carver and jail guards Robert Johnle
and Jeff Birdsall appeal the district court's denial of their
motion for summary judgment based on qualified immunity.  Erickson
cross-appeals the district court's grant of summary judgment to
Pennington County, Sheriff Don Holloway, and Deputy Sheriff Mary
Evelyn Rogers.  We affirm in part, reverse in part, and dismiss in
part for lack of jurisdiction.


     We grant the motion to supplement the record on appeal, and
state the facts in the light most favorable to Erickson, Reece v.
Groose, 60 F.3d 487, 488 (8th Cir. 1995).  On September 8, 1990,
Erickson told Johnle, the jail guard on duty at the time, that

-2-

Herbert Flying Horse, an inmate assigned to the protective custody cellblock for punitive segregation, had threatened to assault Erickson. Because Johnle's shift was nearly finished, Johnle passed the information on to Birdsall, the guard for the next shift. After coming on duty, Birdsall told Erickson that Johnle had informed him of the threat and that he would watch for potential trouble. Later, Flying Horse verbally harassed Erickson in the cell block's common area, and Birdsall told Flying Horse to go somewhere else. When Erickson and another inmate asked permission to play basketball in the recreation area, Birdsall unlocked the recreation room door from the cell block's control panel. After Erickson and the other inmate entered the recreation area, Birdsall locked the door behind them.

Birdsall later left the control panel unattended for about six minutes to make a routine check of the cell block. The control panel is located in the common area and physically accessible to inmates. Birdsall saw Flying Horse moving toward the recreation area, but continued with his rounds because he knew the door to the recreation area was locked. Contrary to jail policy, however, Birdsall had not disabled the control panel to prevent inmates from operating the locks. While Birdsall was away from the panel, an inmate opened the electronic lock to the recreation area to let Flying Horse enter. Once inside, Flying Horse punched and kicked Erickson, then left. Erickson's face was cut and bleeding.

Deputies Carver and Rogers took Erickson to the hospital for immediate treatment. An emergency room doctor stitched a 1.5 centimeter cut beneath Erickson's eye. According to Erickson, the doctor also wanted to x-ray Erickson's head and chest and keep Erickson at the hospital overnight for observation, but Carver refused to allow the x-rays or Erickson's admittance to the hospital. Carver and Rogers then returned Erickson to the jail.

On appeal, Johnle, Birdsall, and Carver assert they are

entitled to qualified immunity because they did not violate Erickson's clearly established constitutional rights. <u>Prosser v. Ross</u>, 70 F.3d 1005, 1007 (8th Cir. 1995). Before addressing the appeal's merits, we discuss our jurisdiction. Some of Erickson's claims remain in the district court awaiting trial, so the district court has not entered a final order in this case to confer jurisdiction under 28 U.S.C. § 1291. Nevertheless, under <u>Mitchell v. Forsyth</u>, 472 U.S. 511 (1985), we have jurisdiction to consider certain limited issues when officials bring an immediate appeal from the denial of a summary judgment motion based on qualified immunity. We have jurisdiction to consider whether given facts show a violation of clearly established law, but not "evidence sufficiency," that is, which facts the parties might be able to prove at trial. <u>Johnson v. Jones</u>, 115 S. Ct. 2151, 2155-59 (1995). In other words, we can examine the information possessed by an official to decide whether, given those facts, a reasonable official would have known his or her actions violated an established legal standard, but we cannot examine whether the official committed the alleged act, damages, causation, or other similar matters. <u>Miller v. Schoenen</u>, No. 95-1766, 1995 WL 63301, at *2-3 (8th Cir. Feb. 15, 1996).

Johnle, Birdsall, and Carver devote much of their brief to challenging the credibility of Erickson's evidence. We lack jurisdiction to consider these challenges. Instead, we can decide whether the facts as Erickson presents them show a violation of clearly established law.

Before the attack on Erickson, it was clear that the Eighth Amendment requires prison officials to protect inmates from violence at the hands of other inmates. <u>See</u> <u>Farmer v. Brennan</u>, 114 S. Ct. 1970, 1976 (1994). When prison officials know an inmate faces a substantial risk of serious harm from another inmate and fail to take reasonable measures to lessen the risk, the Eighth Amendment is violated. <u>Id.</u> at 1984; <u>Reece</u>, 60 F.3d at 490.

-4-

Viewing the information known to the guards in Erickson's favor, Reece, 60 F.3d at 490, both Johnle and Birdsall had been told of Flying Horse's threat and thus knew Erickson faced a substantial risk of serious harm. Birdsall failed to disable the control panel and investigate Flying Horse's sudden movement toward the recreation area. These facts could establish Birdsall's response was unreasonable. See Porm v. White, 762 F.2d 635, 637-38 (8th Cir. 1985). The district court thus properly denied summary judgment to Birdsall. Johnle's shift ended more than two hours before Flying Horse attacked Erickson, however, and Johnle told Birdsall about Flying Horse's threat when Birdsall came on duty. Because this response was reasonable as a matter of law, the district court should have granted summary judgment to Johnle.

Deputy Carver asserts qualified immunity shields him from Erickson's claim that Carver deprived him of adequate medical care. Erickson can succeed on his claim by showing Carver intentionally interfered with treatment prescribed for a serious medical condition. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). Challenging the district court's finding that Erickson had a serious medical condition, Carver contends there is no evidence that Erickson's condition was acute or escalating, or that the alleged refusal of x-rays or hospitalization caused Erickson any harm. See Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995). After Johnson, however, we lack jurisdiction to review these contentions in this appeal. Reece, 60 F.3d at 491-92; Miller, 1995 WL 63301, at *3. Because Carver's disregard of a doctor's order would show Carver intentionally interfered with prescribed treatment, see Estelle, 429 U.S. at 104-05 (explaining deliberate indifference), the district court properly denied Carver summary judgment on the ground of qualified immunity.

Because a jury must decide whether Birdsall and Carver acted with deliberate indifference, the district court properly refused to dismiss Erickson's claims for punitive damages against them.

-5-

See <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983).

In his cross-appeal, Erickson challenges the grant of summary judgment to Pennington County, Sheriff Holloway, and Deputy Rogers on the ground of qualified immunity. Erickson asserts no basis for our jurisdiction over his cross-appeal in his brief, however. As we explained earlier, there is no final order in this case, and Erickson's cross-appeal does not fall within the <u>Mitchell</u> exception. We also lack pendent jurisdiction over Erickson's cross-appeal. <u>See</u> <u>Johnson</u>, 115 S. Ct. at 2159.

In conclusion, we affirm the denial of summary judgment to Birdsall, reverse the denial of summary judgment to Johnle, affirm the denial of summary judgment to Carver, and dismiss Erickson's cross-appeal for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.