_____

No. 95-2345EM
_____

Marlowe T. Price,                         *
                                          *
          Plaintiff-Appellee,             *
                                          *
     v.                                   *
                                          *
Board of Police Commissioners,            *
of the City of St. Louis;                 *
Anne-Marie Clarke; Charles E.             *
Mischeaux; Matthew J. Padberg;            *    Appeal from the United States
Robert T. Haar;  *                        District Court for the Eastern
                                          *    District of Missouri.
          Defendants,                     *
                                          *
Vincent Edwards;                          *
                                          *
          Defendant-Appellant,            *    [UNPUBLISHED]
                                          *
Larry Davis; T. Moore;                    *
Freeman Bosley, Jr.;                      *
State of Missouri,                        *
                                          *
          Defendants.                     *
                                      _____

                    Submitted:  December 15, 1995

                      Filed:  March 27, 1996
                                      _____

Before FAGG, GARTH,* and WOLLMAN, Circuit Judges.
                                      _____


PER CURIAM.


     Marlowe T. Price injured his head during a fight with several
security guards at a grocery store in Saint Louis, Missouri.  Officer
Vincent Edwards responded to the disturbance at the grocery

_____

     *The HONORABLE LEONARD I. GARTH, United States
     Circuit Judge for the United States Court of
     Appeals for the Third Circuit, sitting by
     designation.

store and placed Price under arrest.  Price had a visible abrasion on his forehead and was suffering from a headache at the time of his arrest.  On the way to jail, Price asked to be taken to the hospital, but Edwards refused.  About four hours later, jail officials took Price to the hospital.  At the hospital, a doctor diagnosed Price with a mild head injury and prescribed Tylenol.  Price brought this 42 U.S.C. § 1983 action contending Edwards was deliberately indifferent to Price's serious medical needs.  See Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993) (per curiam).  The jury found in Price's favor and awarded damages.  The district court then denied Edwards's motion for judgment as a matter of law.  The district court also awarded attorney's fees to Price as a prevailing party.  Edwards appeals, and we reverse.

Although Price's injury could be viewed as serious, Price's claim must fail because he did not produce any verifying medical evidence to establish the detrimental effect of the delay in medical treatment.  Beyerbach v. Sears, 49 F.3d 1324, 1326-27 (8th Cir. 1995).  Viewing the record in the light most favorable to Price, there is simply no evidence that the delay in taking Price to the hospital aggravated his fight-related injury.  Price did not offer any medical testimony, and his medical records do not show he suffered any detrimental effects from the four-hour delay in treatment.  Id.  Price cannot recover attorney's fees because he is no longer a prevailing party.  See 42 U.S.C. § 1988(b) (Supp. V 1993).

We thus reverse the judgment entered on the jury's verdict and the order awarding attorney's fees.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-