81 F.3d 165
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Marlowe T. PRICE, Plaintiff-Appellee,
v.
BOARD OF POLICE COMMISSIONERS, of the City of St. Louis;
Anne-Marie Clarke; Charles E. Mischeaux; Matthew
J. Padberg; Robert T. Haar; Defendants,
Vincent Edwards; Defendant-Appellant,
Larry Davis; T. Moore; Freeman Bosley, Jr.; State of
Missouri, Defendants.
 No. 95-2345EM
 United States Court of Appeals, Eighth Circuit.
 Submitted: December 15, 1995.
Filed: March 27, 1996.
 
 Before FAGG, GARTH,* and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Marlowe T. Price injured his head during a fight with several security guards at a grocery store in Saint Louis, Missouri. Officer Vincent Edwards responded to the disturbance at the grocery store and placed Price under arrest. Price had a visible abrasion on his forehead and was suffering from a headache at the time of his arrest. On the way to jail, Price asked to be taken to the hospital, but Edwards refused. About four hours later, jail officials took Price to the hospital. At the hospital, a doctor diagnosed Price with a mild head injury and prescribed Tylenol. Price brought this 42 U.S.C. § 1983 action contending Edwards was deliberately indifferent to Price's serious medical needs. See Davis v. Hall, 992 F.2d 151, 153 (8th Cir.1993) (per curiam). The jury found in Price's favor and awarded damages. The district court then denied Edwards's motion for judgment as a matter of law. The district court also awarded attorney's fees to Price as a prevailing party. Edwards appeals, and we reverse.
 
 
 2
 Although Price's injury could be viewed as serious, Price's claim must fail because he did not produce any verifying medical evidence to establish the detrimental effect of the delay in medical treatment. Beyerbach v. Sears, 49 F.3d 1324, 1326-27 (8th Cir.1995). Viewing the record in the light most favorable to Price, there is simply no evidence that the delay in taking Price to the hospital aggravated his fight-related injury. Price did not offer any medical testimony, and his medical records do not show he suffered any detrimental effects from the four-hour delay in treatment. Id. Price cannot recover attorney's fees because he is no longer a prevailing party. See 42 U.S.C. § 1988(b) (Supp. V 1993).
 
 
 3
 We thus reverse the judgment entered on the jury's verdict and the order awarding attorney's fees.
 
 
 
 *
 The HONORABLE LEONARD I. GARTH, United States Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation