_____

No. 96-2598
_____

Charles J. Schenecker; Mary     *
Beth Schenecker; Kevin D.        *
Frazier; Richard L. Schenecker;   *
Mary E. Schenecker; Heather J.    *
Schenecker, child; Katherine L.    *
Schenecker, child; Charles       *
Joseph Schenecker, child;        *
Elizabeth A. Schenecker, child,    *
                       *
      Plaintiffs/Appellees,      *
                       *  Appeal from the United States
        v.              *  District Court for the
                       *  Northern District of Iowa.
The City of Sioux City; Ronald    *
G. Cardwell, Officer; Paul       *
Greer, Officer,            *
                       *
      Defendants,            *
                       *
Woodbury County; Karrie S.      *
Kelly, individually and as      *
employee of Woodbury County      *
                       *
      Defendants/Appellants.     *

_____

Submitted:  January 16, 1997

Filed: February 27, 1997
_____

Before BOWMAN and MURPHY, Circuit Judges, and KYLE,[1] District     Judge.
_____

MURPHY, Circuit Judge.

     This case arises from the arrest and prosecution of out-of- state bail bondsmen who went to Iowa to apprehend a fugitive.  They sued Woodbury County, Karrie Kelly, the City of Sioux City, and the arresting officers for malicious prosecution, false arrest, and other torts.  The district court denied a summary judgment motion

_____

     [1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

of the county and prosecutor on the basis of absolute immunity, and they appeal. We reverse.

Richard and Charles Schenecker are bail bondsmen who went to Sioux City to apprehend a person who had jumped bail in Missouri. After the initial attempt at apprehending the fugitive failed when local police officers intervened, the Scheneckers and Kevin Frazier, an associate, made a second attempt and entered the home where the fugitive was staying around six in the morning. Shots were fired, and Richard Schenecker was wounded. The Scheneckers and Frazier were arrested and charged with second degree burglary, going with armed intent, and going armed with a loaded firearm within city limits. They were acquitted on the first two charges, but Charles Schenecker was convicted on the third.

The Scheneckers and Frazier then sued under theories of malicious prosecution, false arrest, and other torts, alleging that the defendants interfered with their right to apprehend the fugitive and that Kelly knowingly prosecuted them without probable cause to protect herself and others from civil liability. Kelly and the county moved for summary judgment, arguing that prosecutorial immunity barred the civil action against them. The district court denied the motion, concluding that immunity did not protect a prosecutor when she uses criminal charges as an offensive maneuver to prevent later civil litigation.

Kelly and the county argue on appeal that the district court erred in denying their motion for summary judgment because Iowa law gives prosecutors absolute immunity from being sued for acts done in their official capacity. The Scheneckers respond that the denial of the motion is not a final order, that the issue of immunity is effectively appealable after the trial, and that the district court properly found that Iowa law did not give Kelly and the county immunity. Whether there is jurisdiction over the denial of summary judgment concerning an immunity defense is reviewed de

novo, <u>Bartlett v. Fisher</u>, 972 F.2d 911, 914 (8th Cir. 1992), as is the denial of summary judgment. <u>Beyerbach v. Sears</u>, 49 F.3d 1324, 1325 (8th Cir. 1995).

Although 28 U.S.C. § 1291 gives appellate jurisdiction only over final decisions, an order does not have to end the case in order to be appealed. <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 524 (1985). An order may be appealed if it finally determines a collateral right separate from the rights asserted in the action and "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541, 546 (1949). Under the collateral rights doctrine, the denial of a claim of absolute immunity is appealable because the essence of that right is that the possessor does not have to answer for her conduct in a civil action. <u>Mitchell</u>, 472 U.S. at 525.

Iowa law provides absolute immunity from suit for prosecutors engaging in their official functions. <u>See, e.g.</u>, <u>Hanson v. Flores</u>, 486 N.W.2d 294, 296 (Iowa 1992) ("prosecutorial immunity bars a suit"); <u>Hike v. Hall</u>, 427 N.W.2d 158, 160 (Iowa 1988) (prosecutorial immunity shields absolutely from civil suit); <u>Blanton v. Barrick</u>, 258 N.W.2d 306, 311 (Iowa 1977) ("immune from civil suit"). Although the Iowa Supreme Court has used various terms in describing this immunity, it has consistently affirmed the dismissal of civil suits against prosecutors and has explained that the policy behind the immunity is to ensure that prosecutors may "vigorously proceed with their tasks unhampered by the fear of unlimited civil litigation." <u>Id.</u> at 309; <u>see also</u> <u>Hanson</u>, 486 N.W.2d at 296 ("A county attorney must be permitted to pursue . . . claims with the confidence that he or she will not be the subject of a suit by a disgruntled litigant."). Making Kelly and the county participate in a trial would undermine Iowa's policy of protecting prosecutors from the burdens of litigation. This court

has jurisdiction over the appeal.

Kelly and the county argue that the district court incorrectly found that this immunity did not extend to them. The Scheneckers respond that immunity does not protect Kelly and the county because the filing of charges against them was wrongfully motivated to avoid civil litigation and was outside the scope of Kelly's official duties.

Even if Iowa law would not extend absolute immunity to prosecutors when there is wrongful motivation in filing criminal charges, the Scheneckers have not shown any evidence that Kelly had improper motive. The Scheneckers claim that Kelly knew or should have known under Supreme Court precedent that they could enter a house to apprehend an individual who had jumped bail. They have produced no evidence, however, of Kelly's wrongful motivation in researching the law and in deciding to file charges or of her acting outside her official capacity in handling the criminal case. Prosecutorial immunity extends to Kelly and the county, and the district court erred by not granting their summary judgment motion. See Burr v. City of Cedar Rapids, 286 N.W.2d 393, 396 (Iowa 1979) (prosecutor's immunity extends to county employer).

Accordingly, we reverse and remand with instructions to enter judgment in favor of Kelly and the county.

A true copy.

        Attest:

            CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.