PER CURIAM.
Home health care agencies in Minnesota and the state association of home health care providers brought an action against Minnesota’s Commissioner of the Department of Human Services (“DHS” or the State), claiming that the State’s rate-setting methodology governing reimbursements for home health care providers under the State’s Medicaid program violates the statutory mandates of the Federal Medicaid Act, 42 U.S.C. § 1396 et seq. The agencies alleged that the DHS violated § 1396a(a)(30)(A) of the Act, referred to as the “equal access” provision, by implementing a change in the rates of payment without a mandated consideration of its effect on efficiency, economy, quality of care and access to services. They further alleged that DHS violated the statute by failing to maintain a monitoring system that assures that rates of payment continue to meet the goals of fostering quality care and access to services as required by the equal access provision.
On cross motions for summary judgment, the district court[1] granted summary judgment in favor of the State, concluding that the Medicaid Act does not require the kind of formal analysis advocated by the plaintiffs and finding that defendant’s rate-setting methodology does not violate the Act.
We review the district court’s granting of summary judgment de novo. Beyerbach v. Sears Co. II, 49 F.3d 1324, 1325 (8th Cir.1995). After due consideration of the undisputed facts, arguments, and exhibits submitted by the parties, we affirm. -
The Medicaid Act mandates consideration of the equal access factors of efficiency, economy, quality of care and access to services in the process of setting or changing payment rates, see Arkansas Med. Soc’y, Inc. v. Reynolds, 6 F.3d 519, 530 (8th Cir. 1993); however, it does not require the State to utilize any prescribed method of analyzing and considering said factors. In the instant case, it is undisputed that the DHS had informal monitoring procedures in effect to evaluate the operation of its Medicaid program and to gauge the adequacy of its reimbursement rates.
Although the DHS did not provide any formal analysis of the equal access factors to the legislature in support of its consideration of the 1994 rate increase, the Minnesota HomeCare Association, and others lobbying on behalf of home care providers, actively participated in the 1993 legislative session during which the rate change was considered such that concerns of efficiency, economy, quality of care, and access to services were before the Legislature when it determined to raise the home health care reimbursement rates by three percent.
Under the circumstances of this ease, we find that the State’s methodology for establishing and maintaining home health care rates under its Medicaid program meets the requirements of 42 U.S.C. § 1396a(a)(30)(A). Accordingly, we conclude that summary judgment was properly entered in favor of defendant.

. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.