**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HERMAN RAY GRANT,

   Plaintiff-Appellant,

v.

BERNALILLO COUNTY DETENTION
CENTER, MIKE SISNEROS,
ADMINISTRATOR, LT. IVERSON,
SERGEANT CHIMINTO, C/O MIKE
GRALTON, UNIVERSITY HOSPITAL,
NURSES JANE DOE 1 AND JANE DOE
2, SGT. MATT CANDELARIA, SGT.
ANNETTE MAMARIAN

   Defendants-Appellees.

No. 98-2193
(D.C. No. 98-0633 LH/LFG)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.

Plaintiff Herman Ray Grant, a prisoner at the Central New Mexico Correctional

Facility, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983

complaint for failure to state a claim. After examining the briefs and the appellate record,

---

[*]  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. For the reasons set forth below, we affirm the district court's decision.

## I. BACKGROUND

In his complaint, Mr. Grant alleges that after he fell and hurt his back as he stepped out of the shower on May 17, 1997, corrections officials refused to provide him with medical care. Only "[a]fter some time and a lot of complaining" did the officials take him to a doctor. See Rec. doc. 1, at 3. On October 4, 1994, Mr. Grant maintains, he fell again. On this occasion, corrections officials took him to the hospital, provided him with a doctor, and gave him medication. However, he was never referred to an orthopedic surgeon, even though the doctor who treated him informed him that an appointment had been scheduled.

Mr. Grant names the Bernalillo County Detention Center, University Hospital, and several corrections officials as defendants. He alleges that the defendants were deliberately indifferent to his medical needs and therefore imposed cruel and unusual punishment in violation of the Eighth Amendment. He seeks compensatory and punitive damages and declaratory and injunctive relief.

Applying 28 U.S.C. § 1915(e)(2), the district court dismissed Mr. Grant's

complaint for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6).  It concluded that Mr. Grant had failed to allege that the defendants had been deliberately indifferent to his serious medical needs.

## II.  DISCUSSION

On appeal, Mr. Grant argues that the district court erred in concluding that he had failed to allege a violation of the Eighth Amendment.   He also contends that he should be allowed to amend his complaint to add additional allegations in support of his claim.

We review de novo the district court's dismissal of Mr. Grant's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996).  We accept as true all the well-pleaded facts set forth in the complaint and construe them in the light most favorable to the plaintiff.  See Bauchman v. West High School, 132 F.3d 542, 550 (10th Cir.1997), cert. denied, 118 S. Ct. 2370 (1998).   We may affirm a Rule 12(b)(6) dismissal only if the plaintiff can prove "no set of facts that would entitle him to relief."  Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 619 (10th Cir. 1998).   Although we construe pro se pleadings liberally, a pro se plaintiff must still allege sufficient facts on which a recognized legal claim may be based; conclusory allegations are insufficient.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).

Deliberate indifference to a prisoner's serious medical needs constitutes cruel and

3

unusual punishment in violation of the Eighth Amendment. Brown v. Zavaras, 63 F.3d 967, 970 (10th Cir. 1995) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Such deliberate indifference has an objective and a subjective component. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Beyerbach v. Sears, 49 F.3d 1324. 1329 n. 1 (8th Cir. 1995) (applying Farmer test to deprivation of medical care). Objectively, the medical need must be "sufficiently serious." Farmer, 511 U.S. at 834. This circuit has concluded that a medical need is sufficiently serious "if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980) (quoting Laaman v. Helgemoe, 437 F. Supp 269, 311 (D.N.H. 1977)). As to the subjective component, the plaintiff prisoner must show that the defendant knew of his serious medical need and intentionally refused to provide care. See Farmer, 511 U.S. at 847; Handy v. Price, 996 F.2d 1064, 1066-67 (10th Cir.1993). "[A]llegations of 'inadvertent failure to provide adequate medical care' or of a 'negligent . . . diagnos[is]'" are insufficient to establish the requisite state of mind. Handy, 996 F.2d at 1067 (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991)).

Under these standards, delay in providing medical care may constitute a violation of the Eighth Amendment. See, e.g. Thomas v. Town of Davie, 847 F.2d 771, 772-73 (11th Cir. 1988) (concluding that an automobile accident victim stated an Eighth Amendment claim against police officers for delay in obtaining medical care when the

4

victim obviously needed immediate medical attention and his condition was deteriorating). Delays that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems. See Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 & n.21 (11th Cir. 1994) (collecting cases). Officials may also be held liable when the delay results in a lifelong handicap or a permanent loss. See id. at 1188.

In contrast, in instances in which delays in providing treatment involve less serious medical conditions, the Eighth Amendment may not be implicated. See, e.g., Wesson v. Oglesby, 910 F.2d 278, 284 (5th Cir. 1990) (concluding that a delay in obtaining treatment for a prisoner's swollen, bleeding wrists, caused by tight handcuffs, was insufficient to establish an Eighth Amendment claim); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (concluding that a fourteen hour delay in obtaining treatment for a sliver of glass in a detainee's palm did not constitute deliberate indifference to a serious medical need under the Eighth Amendment).

In this circuit, we have concluded that a delay in medical treatment for a serious medical need does not violate a prisoner's constitutional rights unless the prisoner can show that the delay resulted in "substantial harm." See Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993)). Applying that standard, we have rejected a prisoner's claim that requiring him to wait one

to two years for an operation constituted cruel and unusual punishment under the Eighth Amendment, reasoning that he had failed to establish that the delay would cause further damage to his leg. See White v. State of Colo., 82 F.3d 364, 366 (10th Cir. 1996).

Applying these principles to Mr. Grant's allegations, we agree with the district court that he has failed to state an Eighth Amendment claim. With regard to his first fall, Mr. Grant alleges only that he was "in bad pain" and that, when he was taken to a doctor "[a]fter some time," he was informed that he "had a pool of blood and some spin [sic] fluid." Rec. doc. 1, at 3. The potential seriousness of these injuries causes us some concern. However, Mr. Grant has failed to make any specific allegations as to the length of the delay in providing medical care, and he has failed to allege that this unspecified delay resulted in substantial harm. Thus his complaint does not state a claim that the defendant prison officials were deliberately indifferent to a serious medical need in their response to his first fall.

As to his second fall, Mr. Grant alleges only that he was not examined by an orthopedic surgeon. He acknowledges that he was taken to the hospital, examined by another doctor, and given medication. He does not maintain that the failure to be examined by an orthopedist resulted in substantial harm. The fact that he did not receive a particular form of treatment does not constitute an Eighth Amendment violation. See White, 82 F.3d at 367.

Finally, we conclude that the district court did not err in dismissing Mr. Grant's

complaint without affording him an opportunity to amend it. Mr. Grant has not demonstrated that he could amend his allegations to state an Eighth Amendment claim, and 28 U.S.C. § 1915(e)(2) authorizes the district court's sua sponte decision.

Accordingly, we AFFIRM the district court's decision dismissing Mr. Grant's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Entered for the Court,

Robert H. Henry
Circuit Judge