Dante R. VOSS, Plaintiff–Appellant,

v.

Elizabeth FELDMANN and Barbara Ott–Krantz, Defendants–Appellees.

No. 04–1832.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 13, 2005.*

Decided Jan. 20, 2005.

Dante R. Voss, Racine Youthful Offender Correctional Facility, Racine, WI, pro se.

John J. Glinski, Office of the Attorney General Wisconsin Department of Justice, Madison, WI, for Defendant–Appellee.

Before EASTERBROOK, RIPPLE, and SYKES, Circuit Judges.

ORDER

Wisconsin inmate Dante Voss filed suit under 42 U.S.C. § 1983, claiming that two nurses at the Dodge Correctional Institution violated his Eighth Amendment rights by refusing to immediately treat his injured eye. A magistrate judge, presiding by consent, granted summary judgment for the defendants, and Mr. Voss appeals. We affirm.

We recite the facts in the light most favorable to Mr. Voss. *See Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir.2003). Mr. Voss got deodorant in his right eye one evening and complained to Correctional Officer Tauer that he was in pain. Tauer later reported to Mr. Voss that one of the two nurses on duty had declined to examine him and instead instructed that Mr. Voss flush his eye with water. Twice more that night Mr. Voss demanded medical attention, but Tauer told him that no nurse would see him and he should com-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

plete a medical slip so that he could receive treatment in the morning.

The next day, 16 hours after he first complained to Officer Tauer, Mr. Voss was examined by two morning-shift nurses in the Health Services Unit. They noted a pre-existing corneal abrasion and a large amount of purulence in the affected eye, and referred Mr. Voss to a prison physician. That same afternoon a doctor prescribed eye drops and an eye patch, ordered a culture to rule out the possibility of infection, and referred Mr. Voss for an optometric consultation. The culture was taken the following day—it was negative—and Mr. Voss was seen once more by a nurse for follow-up care.

A week later Dr. Chan, an optometrist, examined Mr. Voss but found no evidence of an open wound, fresh cut, burn, or inflamation in his right eye. Chan did detect an older corneal scar in the lower half of the eye, and Mr. Voss told Chan that the scarring resulted from stain remover he got in his eye a year earlier. Chan attributed Mr. Voss' diminished vision in his right eye to the older scar and concluded that exposure to the deodorant could not have affected Mr. Voss' sight. Chan again examined Mr. Voss one month later and confirmed that Mr. Voss suffered no permanent injury from the deodorant. At summary judgment Chan submitted an affidavit stating that the best treatment for deodorant in the eye is to flush the eye thoroughly with saline solution or water. He added that deodorant in the eye is not a medical problem requiring urgent care.

Mr. Voss sued both prison nurses who were on duty when he was refused treatment, though neither remembered the incident. He claimed they exhibited deliberate indifference by forcing him to wait until morning for treatment. The district court, however, held that Mr. Voss simply disagreed with the defendant nurses on the proper course of his immediate treatment, and failed to put forth any evidence that delaying further treatment had any detrimental effect on his health. The court thus granted summary judgment for the defendants. Our review is de novo. *Morfin v. City of East Chicago,* 349 F.3d 989, 996 (7th Cir.2003).

To prevail on an Eighth Amendment claim for denial of medical care, a prisoner must satisfy an objective and subjective element, first showing that an objectively serious medical risk was deprived, and second that the official showed deliberate indifference by failing to take reasonable measures to prevent the known risk. *Chapman v. Keltner,* 241 F.3d 842, 845 (7th Cir.2001). An objectively serious injury is one for which a physician has mandated treatment or that a lay person would recognize as requiring a physician's attention. *Id.* And "deliberate indifference" means intentional or criminally reckless conduct; negligence or even gross negligence cannot give rise to liability under the Eighth Amendment. *Id.* Delaying treatment of a serious medical condition could constitute deliberate indifference, but to prove such a claim the inmate must produce medical evidence " 'to establish the detrimental effect of delay in medical treatment.' " *Langston v. Peters,* 100 F.3d 1235, 1240 (7th Cir.1996) (*quoting Beyerbach v. Sears,* 49 F.3d 1324, 1326 (8th Cir.1995)).

We agree with the district court that Mr. Voss failed to offer sufficient evidence for a jury to reasonably find that either the objective or the subjective elements had been satisfied, and thus prison officials could not have been found deliberately indifferent to a serious medical need. Mr. Voss got deodorant in his eye, and he never disputed the defendants' evidence that the appropriate course of treatment was to wash the deodorant out of his eye.

The nurses on duty that night, rather than ignore Mr. Voss' complaint, conveyed through Officer Tauer exactly what Mr. Voss should do to alleviate the discomfort. Moreover, Mr. Voss provided no medical evidence that the 16–hour delay between his complaint and an in-person examination by a medical professional resulted in a detriment to his health. Dr. Chan attributed Mr. Voss' vision loss to an earlier injury and not to contact with the deodorant.

Mr. Voss also argues that the district court abused its discretion by not enlisting counsel for him, and that the court should have allowed him more time for discovery. Mr. Voss has no constitutional or statutory right to counsel. *Klein v. Perry*, 216 F.3d 571, 576–77 (7th Cir.2000). The district court held that Mr. Voss filed a concise complaint along with motions and discovery requests, demonstrating his active prosecution of the case. Further, the court reasoned, counsel could not have made a difference in the outcome. We agree. Mr. Voss could not show that he sustained an objectively serious injury or connect the deodorant in his eye to any resulting medical problem, and it cannot be an abuse of discretion for a district court to decline to secure counsel to press a claim so lacking in merit. *See id.* at 577. Lastly, the district court did not abuse its discretion in denying Mr. Voss' motion to extend discovery because Mr. Voss failed to state the nature of his "discovery issues" or why they were not resolved prior to the discovery deadline. *See Miksis v. Howard*, 106 F.3d 754, 760–61 (7th Cir. 1997).

AFFIRMED.