# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2389

_____

Floyd L. Roberson,    *
                      *
            Appellant,    *
                      *    Appeal from the United States
    v.                *    District Court for the
                      *    Eastern District of Missouri.
Bill Bradshaw; et al.,    *
                      *
            Appellees.    *

_____

Submitted:  September 16, 1999
Filed:  December 2, 1999

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Missouri inmate Floyd L. Roberson filed this 42 U.S.C. § 1983 action alleging that three correctional officers at the Pemiscot County Jail, the Jail's contract doctor, and Pemiscot County were deliberately indifferent to Roberson's serious medical need for a special diet and medication to treat his diabetes mellitus, resulting in Roberson suffering weeks of "excessive urination, excessive thirst, migraine-like headaches, diarrhea, dehydration, sweating and weight loss," as well as "excessive hunger, dizziness, diminished vision, loss of sleep . . . nausea and fits of raving and delirium." The district court granted defendants' motions for summary judgment dismissing all claims, and Roberson appeals. Reviewing the grant of summary judgment *de novo*, we conclude that Roberson's disputed allegations as to the conduct of defendants Bill

Bradshaw and Dr. Alan S. Gubin raise genuine issues of material fact. Accordingly, we reverse as to these defendants.

It is undisputed that Roberson suffers from diabetes; that he was incarcerated at the Pemiscot County Jail beginning March 15, 1996; and that he was examined by Dr. Gubin on April 17 and May 22, 1996. In support of their motions for summary judgment, defendants submitted affidavits by Deputy Sheriff Bradshaw and Dr. Gubin, plus medical records and jail records pertaining to Roberson. Bradshaw averred that Roberson's girlfriend was at all times allowed to bring medication to the Jail. Roberson did not reveal his diabetic condition until March 22, 1996, did not ask to see a doctor until April 15, and was promptly taken to Dr. Gubin on April 17. According to Bradshaw, Dr. Gubin's prescriptions were filled and refilled on April 17 and May 23, Dr. Gubin did not prescribe a special diet, Roberson never complained about his diet at the Jail, and Pemiscot County has a written Inmate Health Care policy which was followed as to Roberson. Dr. Gubin averred that he is in private practice but provides services to Pemiscot County Jail inmates as needed; that he first saw Roberson on April 17 and prescribed Glucophage to treat his elevated blood sugar level plus another medication for his lower back pain; that he saw Roberson on May 22 and again prescribed these two medications; that Roberson evidenced no illness during either visit and did not complain regarding his diabetic condition; and that Roberson did not complain of any adverse reaction to Glucophage during his second visit on May 22.

In response, Roberson submitted a lengthy affidavit which included the following averrals. When he arrived at the Jail on March 15, 1996, Roberson advised his jailors of his diabetic condition and his need for medication and a special diet; Bradshaw responded that he would be given medication or a special diet only upon a doctor's order. Consequently, Roberson arranged an appointment with Dr. Gubin on March 27, but Bradshaw refused to provide transportation to Dr. Gubin's clinic, explaining that Jail staff were too busy and "you'll get there when I decide and not before." Roberson was not taken to Dr. Gubin until April 17; during the delay, he made repeated requests

to see a doctor and experienced excessive urination and thirst, migraine-like headaches, diarrhea, sweating, weight loss, and dehydration from his untreated diabetes. After he saw Dr. Gubin, he experienced a severe adverse reaction to Glucophage, suffering dizziness, sweating, nausea, excessive urination, hunger, diminished vision, sleep loss, constant thirst, and fits of raving and delirium. He complained to his jailors but was not taken back to Dr. Gubin until May 22. He then advised Dr. Gubin of his adverse reactions, but Dr. Gubin again prescribed Glucophage, and Roberson continued to suffer the same adverse effects. Roberson also submitted the affidavits of two friends and four fellow inmates supporting many of these assertions.

To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs. "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997), citing Estelle v. Gamble, 429 U.S. 97, 104-06 (1976).

Roberson submitted no evidence of conduct by correctional officers Jackie Davis and Jimmy Alsup that could amount to deliberate indifference to Roberson's serious medical needs. He made only conclusory allegations against them in his verified complaint, and nothing in his summary judgment affidavit would tend to prove that those defendants intentionally delayed his access to medical care. Likewise, with regard to Pemiscot County, Roberson submitted no evidence that any delay in treating his diabetes or in responding to his alleged adverse reactions to Glucophage were attributable to any policy or custom of the County. See Board of County Comm'rs v. Brown, 117 S. Ct. 1382, 1388 (1997). Roberson's primary complaint against the County is its policy of requiring inmates to pay for their own medications if they can

afford to do so. That is not a federal constitutional violation. Accordingly, we affirm the district court's grant of summary judgment in favor of these defendants.

The summary judgment issue is more difficult as to Deputy Sheriff Bradshaw. He is accused of denying Roberson diabetes medication or a special diet without a doctor's prescription and then intentionally delaying Roberson's access to Dr. Gubin. Bradshaw avers that Roberson never complained of his jail diet, was taken to see Dr. Gubin promptly upon request, and exhibited no distress from his diabetes. The conflicting affidavits raise obvious fact disputes. The district court nonetheless granted summary judgment on the ground that Roberson submitted no "verifying medical evidence" establishing the detrimental effects of the alleged delay in treatment, citing Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995). But that reflects a misreading of our prior Eighth Amendment cases. In determining whether the inmate has an objectively serious medical need, "we have repeatedly emphasized that the need or the deprivation alleged must be *either obvious to the layperson* or supported by medical evidence, like a physician's diagnosis." Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995) (cross-referencing Beyerbach; emphasis added). Here, Roberson alleges that for weeks he suffered from and complained about serious physical conditions resulting from the failure to treat his diabetes. The conditions he describes would have been obvious to a layman, or more particularly, to Deputy Sheriff Bradshaw in his day-to-day capacity as Roberson's jailer. Therefore, on this record, we conclude it was error to grant summary judgment in favor of Bradshaw.

The summary judgment granted in favor of Dr. Gubin presents another close question. The district court characterized Roberson's claim against Dr. Gubin as a mere disagreement over the proper treatment. For the most part, we agree. But Roberson also alleged that, during his second visit, Dr. Gubin ignored Roberson's complaints of serious adverse reactions to Glucophage and intentionally kept him on that medication. Notably, Dr. Gubin denies that Roberson made any such complaint; he does *not* claim that he considered Roberson's adverse reactions and concluded that

-4-

Glucophage was nonetheless the appropriate medicine to prescribe. The district court's memorandum order did not discuss whether this fact dispute (whether Roberson complained of adverse reactions to Glucophage during his May 22 visit) is genuine and material for summary judgment purposes. Accordingly, we think it prudent to reverse the grant summary of judgment in Dr. Gubin's favor as well.

Roberson also argues the district court abused its discretion in denying his motion for appointment of counsel because he needs the assistance of appointed counsel to obtain verifying medical evidence and to litigate the above-mentioned credibility issues. However, the district court merely denied the motion as moot after granting summary judgment to defendants. On remand, the court may again take up this discretionary issue.

In summary, we reverse the grant of summary judgment in favor of Bill Bradshaw and Dr. Alan Gubin on plaintiff's claim they were deliberately indifferent to his serious medical needs. In all other respects, the judgment of the district court is affirmed. The case is remanded for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.