# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3005

_____

Fredrick Mason,                *
                                            *

         Appellant,           *

                                            *

       v.                         *    Appeal from the United States

                                            *    District Court for the

Dave Parkman, Sheriff, St. Francis    *    Eastern District of Arkansas
County Jail,                               *

                                            *       [UNPUBLISHED]

         Appellee.            *

_____

Submitted:   November 7, 2000

Filed:   November 14, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.

_____

PER CURIAM.

Fredrick Mason appeals from the final judgment entered in the District Court[1]
for the Eastern District of Arkansas in his 42 U.S.C. § 1983 action alleging deliberate

---

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court
for the Eastern District of Arkansas, adopting the report and recommendations of the
Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of
Arkansas.

indifference to his medical needs (a foreign object in his ear). The district court granted summary judgment in favor of defendant Sheriff Dave Parkman; for reversal, Mason argues that the facts establish a constitutional violation. For the reasons discussed below, we affirm the judgment of the district court.

Mason's denial-of-treatment claim fails because the summary judgment record does not show that defendant knew of and ignored any serious medical need of Mason's. See Roberson v. Bradshaw, 198 F.3d 645, 648 (8th Cir. 1999). Mason's assertion that pouring peroxide in his ear exacerbated his injury is unsupported and at most demonstrates negligence, which does not give rise to a claim for deliberate indifference. See Newman v. Holmes, 122 F.3d 650, 653 (8th Cir. 1997) (deliberate indifference includes something more than negligence but less than actual intent to harm).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.