# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-1855

_____

Robert L. Grundy,                               *
                                                *
            Appellant,                          *
                                                *  Appeal from the United States
      v.                                        *  District Court for the Eastern
                                                *  District of Arkansas.
Larry Norris, Director, Arkansas                *
Department of Correction; Ray                   *           [UNPUBLISHED]
Hobbs, Deputy Director,                         *
Arkansas Department of                          *
Correction; George Brewer,                      *
Classification Director, Arkansas               *
Department of Correction; David                 *
Rowe, Dr., Director of PHP                      *
Healthcare; originally sued as Dr.              *
Rowe,                                           *
                                                *
            Appellees.                          *

_____

Submitted:  October 29, 2001

Filed:  November 2, 2001

_____

Before  McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Robert L. Grundy appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action against three Arkansas Department of Correction (ADC) employees and a physician. Mr. Grundy alleged that after ADC transferred him to a Texas facility under an interstate compact, Texas prison guards twice beat him, injuring his shoulder. Approximately one year later he was returned to an ADC prison, and he eventually received surgery for his shoulder, after several doctors, including Dr. Rowe, examined him. Mr. Grundy contends in his complaint that all defendants denied him adequate medical care and that ADC defendants failed to investigate the beatings and the denial of his medical care. Following our de novo review of the summary judgment record before the district court, see Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997) (standard of review), we affirm.

As to the denial-of-medical-care claim, Mr. Grundy's claim amounts to a complaint that surgery for his shoulder was delayed. However, he presented no evidence that defendants ignored an acute or escalating situation or that the delay adversely affected his prognosis, particularly in light of the medical evidence showing that the surgery was elective and the delay was not of great concern. See id. at 1243; Roberson v. Bradshaw, 198 F.3d 645, 648 (8th Cir. 1999). Further, he presented no evidence that the ADC defendants were doctors or were personally involved in making medical decisions about his treatment, and respondeat superior is not a basis for liability under section 1983. See Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997).

---

[1]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

The failure-to-investigate claim against the ADC defendants also fails. Mr. Grundy did not show that they received notice of unconstitutional acts by the Texas guards prior to the second of the two alleged assaults, such that their failure to investigate (assuming such a duty existed while Mr. Grundy was in the custody of Texas prison officials) proximately caused his shoulder injury. See Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996). The record also shows that defendant ADC Director Larry Norris did launch an investigation into the assaults when, approximately eleven months after the second assault, Mr. Grundy wrote to Mr. Norris. Further, since Dr. Rowe did not violate Mr. Grundy's rights by denying him medical care, the ADC defendants were not on notice of "a pattern of unconstitutional acts." See id.

Finally, Mr. Grundy complains of the district court's refusal to fund the cost of deposing certain physicians who had examined him. Even overlooking Mr. Grundy's failure to designate the relevant order in his notice of appeal, see Fed. R. App. P. 3(c)(1)(B), this argument is unavailing; the district court authorized funds for the deposition of one physician and invited Mr. Grundy to renew his request for depositions if he believed they were still necessary after deposing the first physician, and Mr. Grundy never made another request. There was no abuse of discretion. Cf. Williams v. Carter, 10 F.3d 563, 566 (8th Cir. 1993).

Accordingly, we affirm. We also deny Mr. Grundy's motion to supplement the record on appeal.

A true copy.

Attest:

               CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.