# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3346

_____

Daniel Hanic,                                   *
                                                *
                Appellant,                      *
                                                *  Appeal from the United States
        v.                                      *  District Court for the
                                                *  District of South Dakota.
Dr. Schaeffer, individually and in              *
official capacity,                              *          [UNPUBLISHED]
                                                *
                Appellee.                       *

_____

Submitted: February 18, 2003
Filed: February 26, 2003

_____

Before BOWMAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

South Dakota inmate Daniel Hanic appeals the District Court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. As relevant to this appeal, Hanic sued Dr. James Schaeffer, the physician who treated him after he sustained an ankle injury in February 1996. He claimed Dr. Schaeffer had been deliberately indifferent to his serious medical need because Dr. Schaeffer should have recognized,

_____

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

and initiated appropriate treatment for, deep vein thrombosis (DVT).[2] Having carefully reviewed the record, see Beck v. Skon, 253 F.3d 330, 332-33 (8th Cir. 2001), we affirm.

We agree with the District Court that Hanic failed to create a triable issue as to whether Dr. Schaeffer knew he had DVT, or was developing DVT, yet ignored it. See Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999) (stating elements of deliberate-indifference claim). According to Hanic's affidavit, when Dr. Schaeffer last saw him on March 14, 1996, for his ankle, it was discolored but the swelling had decreased somewhat. At that point, because Hanic's symptoms had not entirely resolved since his original ankle injury, Dr. Schaeffer referred him to the medical director for approval of an orthopedic consult. Hanic further attested that on March 17, three days later, his entire leg became severely swollen and blue, and that a nurse (not Dr. Schaeffer) observed, but ignored the change in his condition.

In resisting summary judgment, Hanic offered only his opinion that he exhibited obvious signs of DVT when Dr. Schaeffer last assessed him. Hanic did not offer any expert testimony that he had or was developing DVT when he last saw Dr. Schaeffer. Therefore, we agree with the District Court that Hanic's opinion was an inadequate response to Dr. Schaeffer's testimony and attestations about the causes, symptoms, and diagnosis of DVT, and what he observed when he last saw Hanic on March 14, 1996. See Robinson v. Hager, 292 F.3d 560, 564 (8th Cir. 2002) (holding reasonable juror could not infer from evidence whether inmate's lapse in being prescribed hypertension medication caused stroke; when injury is sophisticated, causation generally must be shown by expert testimony). As a matter of law, Hanic

---

[2]Because Hanic does not argue on appeal that the District Court erroneously granted summary judgment on his claims for intentional infliction of emotional distress, we deem those claims abandoned. See Carter v. Chrysler Corp., 173 F.3d 693, 699 (8th Cir. 1999).

has failed to create a prima facie case of deliberate indifference to a serious medical need, and summary judgment was correctly granted in favor of Dr. Schaeffer.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.