# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2378

_____

Timothy Clay,                           *
                                        *
            Appellant,                  *
                                        *   Appeal from the United States
      v.                                *   District Court for the
                                        *   Eastern District of Missouri.
Vincent Morgan, Doctor, Western         *
Missouri Correctional Center; William   *   [UNPUBLISHED]
M. Hamby, Doctor, Farmington            *
Correctional Center; Correctional       *
Medical Services, Inc., all Individually *
and in their Official Capacities,       *
                                        *
            Appellees.                  *

_____

Submitted:  October 28, 2003
    Filed:   October 31, 2003

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Former Missouri inmate Timothy Clay appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Clay sought damages and

_____

[1]The Honorable Terry I. Adelman, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition upon consent of the parties, pursuant to 28 U.S.C. § 636(c).

declaratory and injunctive relief from Correctional Medical Services (CMS) and Dr. Vincent Morgan, a CMS physician at Western Missouri Correctional Center, for Eighth Amendment violations arising from alleged delays in diagnosing and treating Clay's multiple sclerosis (MS).[2]  Having carefully reviewed the record, see Beck v. Skon, 253 F.3d 330, 332-33 (8th Cir. 2001) (standard of review), we affirm.

To prevail on a deliberate-indifference claim against Dr. Morgan, Clay had to show he suffered from a serious medical need and Dr. Morgan knew of, yet disregarded, the need.  See Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). A corporation like CMS can be liable only if it acts under color of state law, and its policies, customs, or actions by those who present policy inflict injury actionable under section 1983.  See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993).  We agree with the district court that Clay failed to create any trialworthy issues regarding his Eighth Amendment claims against Dr. Morgan or CMS.

While Clay's symptoms and possible MS constituted a serious medical need, see Roberson, 198 F.3d at 648 (need or deprivation alleged must be either obvious to layperson or supported by medical evidence, like physician's diagnosis), the record before the district court shows that Dr. Morgan reviewed Clay's medical records, and conducted a physical examination which revealed no abnormal findings, and which was consistent, for the most part, with the findings of the other physician who examined Clay in April 1998.  Clay's reliance on the differences between Dr. Morgan's opinion and the opinions of other CMS physicians who reviewed his 1997 test results is misplaced.  See Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (prison doctors remain free to exercise their independent medical judgment).

---

[2]Clay also named Farmington Correctional Center physician William Hamby, but Clay does not challenge the dismissal of Dr. Hamby on appeal.  Cf. Carter v. Chrysler Corp., 173 F.3d 693, 699 (8th Cir. 1999) (where appellant did not brief issues related to dismissal of retaliation claims, court deemed that part of appeal abandoned).

Finally, as the district court noted, the summary judgment record does not reveal any CMS policies or customs concerning the delay or denial of treatment to inmates with diseases like MS.

As to Clay's remaining arguments on appeal, the district court did not abuse its discretion in denying Clay's request for counsel, see Edgington v. Mo. Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995), or err in denying his motion for res ipsa loquitor; and adverse rulings alone are not grounds for bias or partiality motions, see Lefkowitz v. Citi-Equity Group, Inc., 146 F.3d 609, 611-12 (8th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).

Accordingly, we affirm.

_____