**Robbie Del James ROBERSON,**
**Plaintiff,**

v.

**Dr. Patrick GOODMAN, Elaine Little,**
**Tim Schuetzle, and Cathy Bachmeier,**
**RN, Defendants.**

**No. A1–02–127.**

United States District Court,
D. North Dakota,
Southwestern Division.

Dec. 2, 2003.

---

Robbie Del James Roberson, James River Correctional Center, Jamestown, ND, pro se.

Brenda Lynn Blazer, Vogel Law Firm, Jean R. Mullen, Attorney General's Office, Bismarck, ND, for defendant.

## ORDER GRANTING DEFENDANT GOODMAN'S MOTION FOR SUMMARY JUDGMENT

HOVLAND, Chief Judge.

### INTRODUCTION

Before the Court is Defendant Goodman's Motion for Summary Judgment (Docket No. 41) pursuant to Rule 56 of the Federal Rules of Civil Procedure. The motion was filed on October 30, 2003. On November 28, 2003, the plaintiff, Robbie Roberson, filed a lengthy response to the pending motion.[1] The Court has carefully reviewed all of Roberson's responsive pleadings and correspondence. For the reasons set forth below, the Court **GRANTS** the motion.

### I. BACKGROUND OF THE CASE

The plaintiff, Robbie Del James Roberson, was committed to the North Dakota State Penitentiary on February 16, 2001, based on a conviction for two counts of terrorizing and threatening to kill a Fargo police officer and his family. On March 13, 2001, a sentence of probation on a prior terrorizing sentence was revoked. Roberson was initially placed at the North Dakota State Penitentiary in Bismarck, North Dakota. He remained there until November 2, 2002, when he was transferred to the James River Correctional Center in Jamestown, North Dakota.

The defendant, Dr. Patrick Goodman, is a physician practicing in the specialty of psychiatry and employed at Medcenter One Health Systems in Bismarck, North Dakota. Dr. Goodman is one of the psychiatrists who provided mental health services to inmates pursuant to a contract between Medcenter One and the North Dakota State Penitentiary.

Dr. Goodman is board certified in psychiatry by the American Board of Psychiatry and Neurology. He is one of several psychiatrists who provided mental health services to inmate Roberson. *See* Affidavit of Dr. Patrick Goodman, ¶ 2–3. Dr. Goodman was involved in Roberson's psychiatric care from approximately July 2001– November 2002 when Roberson was transferred to the correctional facility in Jamestown. Affidavit of Dr. Goodman, ¶ 5. Dr. Goodman attested to the following concerning Roberson's mental condition:

6) Mr. Roberson suffers from a psychotic disorder with prominent paranoia. This condition causes him to be delusional and paranoid and results in Mr. Roberson having poor judgment and minimal insight. Mr. Roberson has also exhibited threatening and assaultive behavior which resulted in his placement in Administrative Segregation for several months.

---

1. Specifically, Roberson filed correspondence as well as several responsive pleadings entitled as follows: "COMPOSATORY BREECH OF ACTION"; another entitled "UNDER CIVIL RULE 15a(b)c, d Motion to move for AMENDED AND SUPPLEMENTAL PLEADINGS DIRECTING STRIKE MOTION FOR EMANCIPATION TO DUE PROCESS SUBSTITUTED DEFENDANTS, FOR, INDIVIDUAL CAPACITIES OF SHOW OF RIGHT ORDER, BY THE COURT, TO FILE INDIVIDUAL RESPONSIBLE SIMPLE NEGLIGENCE OF PHYSICAL, MENTAL, EMOTIONAL AN DETRIMENTAL PUNITIVE INJURIOUS DAMAGES BY SLANDEROUS RECORDS RECOVERIES, FOR INFLICTING PRESUMPTUOUS EVIDENCES, TO IMPLICATE INVOLUNTARY MEDICATION BY FALSE JURIS STATE AGENTS, PROXIES.INPUTS.CONTRIBUTING MEDICAL NEGLIGENCE"; and a third pleading entitled "AFFADAVIT CIVIL PROCLAMATIONS."

7) I, and other psychiatrists, have prescribed medications to Mr. Roberson in an attempt to alleviate his aggressive behavior problems and lessen his paranoia and delusional thinking.

8) Mr. Roberson has denied he has a mental illness and has repeatedly refused to take his prescribed medication.

9) Involuntary medication hearings were held at the penitentiary which resulted in recommendations that Mr. Roberson receive his medications involuntarily if he refused to take it voluntarily. Affidavit of Dr. Patrick Goodman, ¶ 6–9.

Dr. Goodman attested to the fact that the medications that he and other psychiatrists prescribed for Roberson represented appropriate and medically-accepted treatment for Roberson's mental health disorders. Affidavit of Dr. Goodman, ¶ 11. Dr. Goodman stated that Roberson "has not suffered the mental or physical effects he claims from any of the prescribed medications." *See* Affidavit of Dr. Goodman, ¶ 12.

Roberson brought this action against Dr. Patrick Goodman, Elaine Little, Tim Schuetzle, and Kathy Bachmeier. The complaint is difficult to decipher but it appears that, among other claims, Roberson contends that he was wrongfully prescribed Haldol and other psychotropic medications and that he was subjected to improper medical treatment in violation of his Eighth Amendment right to be free from cruel and unusual punishment. With respect to Dr. Goodman, Roberson has alleged in his complaint as follows:

THE GOVERNMENT DOCTORS USE THEIR KNOWLEDGE TO PROTECT THE ESTABLISHMENT.

1. INDUCE MENTAL ILLNESS BY FORCED CONFESSION

2. OMISSION OF SIGNATURE, TO THE PROGRAM

3. YOUR NEW GUILT TO YOUR ILLNESS, WHICH IN TURN IS THE REASON WHY YOU COMMITTED THE CRIME.

4. THIS IS COLLECTED AS YOUR CONFESSION INTO THE PROGRAM WHICH IS PUT ON YOU BY FORCE, PUNISHMENT, OR DOCTORS DATA

THE APPLICATION OF MIND ALTERING SUBSTANCES, PREFERABLY HALDOL. CALCULATED TO DISRUPT, THE HUMAN SENSES OF THE PERSONALITY. THEN BY INTIMIDATION, FEAR, FALSE DATA MADE UP BY PROGRESS REPORTS, THAT YOUR NOT STABILIZED AND NEED MORE DRUGS. THIS INTERN JUSTIFIES THE DOCTERS CAUSE OF ACTION AND NOW YOUR CONFESSION, HAS BEEN OBTAINED BY FORCED DRUGS.

THEY TRY TO CASTERATE YOUR MIND, WHICH IN TURN CREATES MEMORY LOSS AND GRAVELY DISABLED. YOU ARE NOW STATE LABLED WHICH JUSTIFIES THEIR THEORY TO YOUR GUILT OF THE CRIME. THEY HAVE TRIED TO DAMAGE MY MIND, ON THIS NONVIOLENT VERBAL SPEECH CRIME.

I CAN TELL YOU THIS THE ACID THEY PUT TO MY BRAIN 6 MONTHS EARLIER IS STILL WORKING ON MY MIND WHICH IS HALDOL. I HVE LOSS OF MEMORY, BOTH EYES TWITCH, MIGRAINES, TEMPLE PULSATING AND A VOID IN THE CENTER OF MY BRAIN, A MILE WIDE AS WELL AS STIGMATISM LIKE ALMOST LOCKED IN GEAR, OR THOUGHT LOST, COMPLETE LOSS

OF PERCEPTIVE THOUGHT, IN THE TRAIN OF THAT THOUGHT. NOW THEY THINK ITS ALL RIGHT TO MAKE ME A COW, AND A HOSTAGE, SLANDER AND DISGRACE MY NAME.

THIS WOULD BE WHAT THE REVIEW COMMITTEE WOULD USE TO SHOOT ME UP WITH A DRUG TO DESTROY MY MIND CALLED, HALDOL. THIS WOULD MAKE ME BLIND, I HAD NO BALANCE, IT DESTROYED MY MEMORY, AND WAS LIKE A BRAIN LOBOTOMY. MY SPEECH CAME OUT WRONG AND I FORGOT WORDS. MY WRITING WAS CONFUSING TO OTHERS AND I FORGOT WORDS IN THE CONTEXT. THEY ARE TRYING TO MAKE ME BRAIN DEAD. IF I HADN'T HAD A COLLEGE INJURY BEFORE AND MEMORY LOSS, THEY ARE TRYING TO MAKE ME BRAIN DEAD NOW.

THE STATE DOCTOR, MR. GOODMAN, PRESCRIBED ZYPREXA, TEN MG. SHORTLY, AFTER THAT IT JUMPED TO 40 MG WITHIN A WEEK. MY MOTHER COMPLAINED IT WAS AGAINST THE LAW, FOR SUCH A HIGH DOSAGE, BUT THEY CONTINUED TO GIVE ME 40 MG. THE DOCTORS PRESCRIPTION REFERENCE BOOK AT THE BISMARCK PUBLIC LIBRARY RECOMMENDS 10 MG AND JUST RECENTLY THE FEDERAL GOVERNMENT EXPERIMENTED WITH 20 MG, BEING THE HIGHEST DOSAGE ALLOWED. THE PROTECTION ADVOCACY OF NORTH DAKOTA AGREED WITH MY DETERMINATION. ROBBIE AND HIS FAMILY NEED AN EXPLANATION WHY THE DOCTOR IS NOT FOLLOWING THE FEDERAL GUIDELINES FOR THE DRUG, ZYPREXA, 40 MG, THERE ARE MANY GRAVE CONCERNS ON THE MEDICAL TREATMENT, DIAGNOSED BY DR. GOODMAN FROM MEDCENTER ONE IN BISMARCK. THESE STATEMENTS ARE TRUE AND HONEST, AND WE THANK YOU FOR YOUR TIME.

Dr. Goodman seeks to have the claims against him dismissed on the grounds that Roberson has not produced any verified medical evidence to establish a deliberate indifference to his medical needs sufficient to support his Eighth Amendment claims. In addition, Dr. Goodman contends that Roberson has failed to produce any expert testimony that is necessary to support his claims and to meet the threshold burden to establish a claim for deliberate indifference.

## II. *LEGAL ANALYSIS*

### A. *STANDARD OF REVIEW*

It is well-established that summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Graning v. Sherburne County*, 172 F.3d 611, 614 (8th Cir.1999). A fact is "material" if it might effect the outcome of the case and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376 (8th Cir.1996). The moving party has the initial burden of demonstrating to the Court that there are no genuine issues of material fact. If the

moving party has met this burden, the non-moving party cannot simply rest on the mere denials or allegations in the pleadings. Instead, the non-moving party must set forth specific facts showing that there are genuine issues for trial. Fed. R.Civ.P. 56(e). A mere trace of evidence supporting the non-movant's position is insufficient. Instead, the facts must generate evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## B. *EIGHTH AMENDMENT CLAIMS*

■ It is well-established that the Government is obligated to provide medical care for those who are being punished by incarceration. "The Eighth Amendment scrutinizes the conditions under which prison inmates are confined in order to prevent the inhumane treatment of inmates." *Robinson v. Hager*, 292 F.3d 560, 563 (8th Cir.2002) *citing Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Eighth Amendment prohibits deliberate indifference to the serious medical needs of prisoners. "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir.1997); *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir.1993). In a case alleging a deprivation of medical care, an inmate must show that the prison official acted with deliberate indifference to the inmate's serious medical needs. *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir.1995).

■ In order to find a prison official liable for a deliberate indifference claim, an inmate is required to show that 1) there existed a substantial risk of serious harm to the inmate, and 2) that the prison official knew of and disregarded that need. *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir.2002); *Miller v. Schoenen*, 75 F.3d 1305, 1309 (8th Cir.1996) *citing Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference may be demonstrated by prison doctors who fail to respond to a prisoner's serious medical needs. *Id.* However, it is well-established that mere negligence or medical malpractice are insufficient to rise to an Eighth Amendment violation. *Roberson v. Bradshaw*, 198 F.3d 645 (8th Cir.1999). Thus, a claim of deliberate indifference to an inmate's serious medical needs requires that the plaintiff meet a higher burden of proof than is required in a mere negligence claim.

■ The initial question presented is whether Roberson has shown that he had an objectively serious medical need and that there existed a substantial risk of serious harm to him. A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the need for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir.1995).

■ In this case, Roberson has clearly failed to establish the existence of an objectively serious medical need *or* that there existed a substantial risk of serious harm to him under the circumstances. The Eighth Circuit has consistently recognized that such a serious medical need must be supported by medical evidence, such as a physician's diagnosis, or a condition that is obvious to a lay person. *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir.1999). "A plaintiff's self-diagnosis alone cannot establish that he suffers from a serious medical need, when the medical evidence does not support his self-diagnosis." Simply stated, not every ache and

pain or medically-recognized condition can support a claim of an Eighth Amendment violation. Roberson's claim essentially concerns the alleged adverse effects of psychotropic medications that Roberson contends he has been subjected to while incarcerated. Such a claim is based on Roberson's own self-diagnosis which is insufficient as a matter of law to establish a serious medical need.

It is clear and undisputed from the medical records that Roberson suffers from a psychotic disorder with prominent paranoia for which Dr. Goodman and other treating psychiatrists had prescribed a psychotropic or anti-psychotic medication (Haldol). A psychotic disorder that is being properly addressed with prescription medications does not constitute a serious medical need left untreated and ignored. Roberson has failed to present any evidence related to his mental illness to raise it to the level of a serious medical need to which Dr. Goodman or any other medical professional failed to respond to. Further, Roberson has presented no competent evidence that there existed a substantial risk of serious harm to him; namely, that he has suffered or will suffer severe adverse effects from the prescribed anti-psychotic medications. Roberson has simply failed to present any verified medical evidence, *or* any expert testimony, to establish that he has a serious medical need that has been ignored or that there existed a substantial risk of serious harm to him. Neither the medical records nor any other evidence in the record before the Court supports such a claim. No expert testimony or other medical testimony been presented to support such a claim. Roberson's self-serving, non-medical diagnosis is simply not sufficient to sustain his burden of proof.

The Eighth Circuit Court of Appeals has held that expert testimony is required to establish causation between medical treatment and any alleged injuries. *Robinson v. Hager*, 292 F.3d 560 (8th Cir.2002). In *Robinson,* an inmate sued the drug treatment center when he did not receive his hypertension medication and later suffered a stroke. The inmate alleged a deliberate indifference to his medical needs. On appeal, the Eighth Circuit reversed a jury verdict in favor of the plaintiff and held that the inmate could not recover without expert medical testimony on the issue of causation. The Court specifically held that "when an injury is sophisticated, proof of causation generally must be established by expert testimony." 292 F.3d 560, 564. The Court held that because the plaintiff in *Robinson* failed to offer any expert testimony showing that the defendant's actions caused him to suffer a stroke, the plaintiff had failed to establish a prima facie violation of the Eighth Amendment. *Id.* The Eighth Circuit has expanded this prerequisite to summary judgment actions. *See Hanic v. Schaeffer,* 58 Fed.Appx. 665 (8th Cir.2003).

It is clear that expert testimony, or some form of medical evidence, is needed at the summary judgment stage to establish the basic elements of an Eighth Amendment claim. Roberson has wholly failed to meet his burden in establishing a prima facie violation of the Eighth Amendment. He has failed to even remotely establish a threshold claim for deliberate indifference to medical needs by failing to produce any verified medical evidence.

 Even assuming for the sake of argument that Roberson's psychotic disorder constituted an "objectively serious medical need", *or* that he has suffered or will suffer adverse side effects from the administration of anti-psychotic medications, Roberson has also clearly failed to present any evidence that Dr. Goodman was deliberately indifferent to his medical needs. To satisfy this subjective element,

there is a need for a finding of actual knowledge on the part of the defendant. The Eighth Circuit has held that a prison official may be held liable under the Eighth Amendment if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Coleman v. Rahija,* 114 F.3d 778, 785 (8th Cir.1997). "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix,* 86 F.3d 761, 765 (8th Cir.1996). It is well-established in the Eighth Circuit that the mere fact that an inmate disagrees with the course of treatment does not, in and of itself, suffice to allege a serious medical need to which prison officials were deliberately indifferent. *See Kayser v. Caspari,* 16 F.3d 280, 281 (8th Cir.1994).

Roberson has wholly failed to produce any evidence to establish knowledge of a serious medical need that poses a substantial risk of serious harm to him *and* actual deliberate indifference to that need on the part of Dr. Goodman. To the contrary, the undisputed evidence in the record clearly reveals that Dr. Goodman, as well as the other treating psychiatrists, fully complied with all applicable standards of care in the medical/psychiatric care and treatment rendered to Roberson. At best, Roberson has merely raised questions in his mind concerning the medical judgments exercised by Dr. Goodman and the other treating psychiatrists, in the diagnosis and treatment of Roberson's psychiatric condition. It is abundantly clear from the record, as well as from the responses filed by Roberson to date, that Roberson suffers from a severe mental illness plagued by paranoia and a delusional thought process for which psychotropic medications are warranted and appropriate.

In summary, there has been no competent, reliable evidence to support a claim of an Eighth Amendment violation. Roberson has wholly failed to offer any expert testimony, or any other medical evidence, to establish a prima facie violation of the Eighth Amendment. Roberson's personal, self-serving disagreement with the course of treatment provided to him as an inmate at the North Dakota State Penitentiary is not a sufficient basis for an Eighth Amendment violation. He has simply not alleged a serious medical need to which Dr. Goodman, or any other prison official, were deliberately indifferent. As such, Dr. Goodman is entitled to summary judgment as a matter of law.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the defendant, Dr. Patrick Goodman's, Motion for Summary Judgment (Docket No. 41).