**IT IS HEREBY ORDERED** that Plaintiff Glasgow Realty, LLC's Motion for Summary Judgment (filed October 24, 2003/Docket No. 27) is granted.

**IT IS FURTHER ORDERED** that Defendant United States of America's Motion for Summary Judgment (filed October 24, 2003/Docket No.28) is denied.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

**David Robert KUNZE, Plaintiff,**

v.

**Dr. Kent DIEHL, Penitentiary Doctor; Dr. Gerd D. Ebel, Penitentiary Doctor; and Dr. Marcus M. Fiechtner, Plaintiff's Dr., Defendants.**

No. A1–04–005.

United States District Court,
D. North Dakota,
Southwestern Division.

Nov. 22, 2004.

David Robert Kunze, Bismarck, ND, Pro Se.

Jean R. Mullen, Attorney General'S Office, Civil Litigation, Brenda Lynn Blazer, Vogel Law Firm, Bismarck, ND, William J. Delmore, Kelsch Kelsch Ruff & Kranda Pllp, Collins & Main, Mandan, ND, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

HOVLAND, Chief Judge.

On October 27, 2004, Defendants Dr. Kent Diehl, Dr. Gerd D. Ebel, and Dr. Marcus M. Fiechtner filed a Motion for Summary Judgment. For the reasons set forth below, the motion is granted.

## I. *BACKGROUND*

### A. *PROCEDURAL HISTORY*

The plaintiff, Robert David Kunze, is an inmate at the North Dakota State Penitentiary in Bismarck, North Dakota. On September 24, 2003, Kunze filed a pro se complaint asserting the Defendants had violated his civil rights pursuant to 42 U.S.C. § 1983. Magistrate Judge Dwight C.H. Kautzmann reviewed Kunze's complaint as mandated by the Prisoner Litigation Reform Act, 28 U.S.C. § 1915A(a), and concluded Kunze had alleged two cognizable claims: (1) failure to provide proper medical care; and (2) a violation of Kunze's civil rights as a result of being housed for extended periods of time in the

administrative segregation unit at the North Dakota State Penitentiary. On January 30, 2003, Magistrate Judge Kautzmann issued a Report and Recommendation and recommended that Kunze be allowed to proceed on both claims. On February 3, 2004, the Court adopted Magistrate Judge Kautzmann's Report and Recommendation and directed the Clerk of Court to file Kunze's complaint.

On July 12, 2004, Defendants Monty Rauser, Elaine Little, Timothy Schuetzle, Robert Coad, Pat Branson, Kathy Bachmeier, Karen Boelter, Gail Schafer, and Greg Pfennig filed a Motion for Summary Judgment. On July 26, 2004, Defendant Dr. John Hagan a filed a Motion for Summary Judgment. On September 8, 2004, the Court granted both motions for summary judgment and dismissed Kunze's claims against all Defendant except Drs. Diehl, Ebel and Fiechtner.

### B. KUNZE'S CLAIMS

The only remaining claim is one regarding Kunze's assertion that he has oral cancer. As the Court summarized in its previous order, in late 1999, Kunze expressed concern to the penitentiary's medical staff that he was developing throat cancer. Over an extended period of time of more than 3½ years, Kunze was evaluated by one physician's assistant and at least eight physicians, three of who were ear, nose, and throat specialists. These treating physicians performed numerous tests on Kunze which included a thyroid test, a throat culture, a biopsy, an EKG, and a CEA (a test to identify any cancer or tumor markers), as well as other various laboratory tests.[1] However, all of the physicians Kunze has consulted with since late 1999 have concluded that Kunze exhibits

no signs or symptoms of cancer. *See* Affidavit of Dr. Gerd D. Ebel, Dr. Kent A. Diehl, and Dr. Marcus M. Fiechtner.

### C. MOTION FOR SUMMARY JUDGMENT

On October 27, 2004, Defendants Drs. Diehl, Ebel, and Fiechtner filed a Motion for Summary Judgment. In their motion, they assert Kunze has failed to produce any evidence to establish he has a serious medical need or that any of the Defendants were deliberately indifferent to his medical needs. The Defendants further assert that Kunze has not produced expert testimony to establish the medical care he received violated his Eighth Amendment rights.

On November 3, 2004, Kunze filed a response to the Defendants motion. Kunze insists he has oral cancer, argues the Defendants have refused to accept that he has cancer, and contends that the Defendant know something is wrong with his health. In addition, although the overwhelming medical evidence seems to suggest otherwise, Kunze states contends that cancer has spread from his throat to his lymphatic system and is now throughout his body.

### II. STANDARD OF REVIEW

It is well-established that summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Graning v. Sherburne County*, 172 F.3d 611, 614 (8th Cir.1999). A fact is "material" if it might affect the outcome of the case and a factual dispute

---

[1]. The Court's September 8, 2004, Order Granting the State Defendants and Dr. Hagen's Motions for Summary Judgment sets for the chronology of the numerous tests given to

Kunze, the various medical professionals he saw, and the results of those tests. The Court finds it is not necessary to reiterate the details of Kunze medical records.

is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Quick v. Donaldson Co., Inc.,* 90 F.3d 1372, 1376 (8th Cir.1996). The moving party has the initial burden of demonstrating to the Court that there are no genuine issues of material fact. If the moving party has met this burden, the non-moving party cannot simply rest on the mere denials or allegations in the pleadings. Instead, the non-moving party must set forth specific facts showing that there are genuine issues for trial. Fed. R.Civ.P. 56(e). A mere trace of evidence supporting the non-movant's position is insufficient. Instead, the facts must generate evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. *LEGAL DISCUSSION*

■ "The Eighth Amendment scrutinizes the conditions under which prison inmates are confined in order to prevent the inhumane treatment of inmates." *Robinson v. Hager,* 292 F.3d 560, 563 (8th Cir.2002) (citing *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). The government is obligated "to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." *Id.* (quoting *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). "For this reason, the Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." *Id.;* see *Camberos v. Branstad,* 73 F.3d 174, 175 (8th Cir.1995) (requiring an inmate to demonstrate a deliberate indifference to his serious medical needs when alleging a deprivation of medical care). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the need for a doctor's attention." *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir.1995). Deliberate indifference to such a need may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Robinson v. Hager,* 292 F.3d 560, 563–64 (quoting *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

■ It is well-established that a prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 342, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To establish deliberate indifference, the plaintiff must show the defendant was substantially aware of, but disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

■ To prevail on an Eighth Amendment claim of deliberate indifference, an inmate must prove that (1) a substantial risk of serious harm to the inmate existed and (2) the prison official knew of and disregarded that risk. *See Robinson v. Hager,* 292 F.3d 560, 564 (8th Cir.2002); *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir.1997); *Choate v. Lockhart,* 7 F.3d 1370, 1373 (8th Cir.1993). This entails a showing of something more than mere negligence or medical malpractice. *Roberson v. Bradshaw,* 198 F.3d 645 (8th Cir. 1999) (finding that neither negligence nor medical malpractice are sufficient to rise to an Eighth Amendment violation).

■ The claims asserted by Kunze as to Drs. Diehl, Ebel and Fiechtner fail for the same reasons set forth in the Court's Order of September 8, 2004. Viewed under these standards, Kunze's claim fails as a matter of law. Kunze has failed to establish the existence of an objectively serious medical need *or* that there existed a substantial risk of serious harm to him under the circumstances. He has also failed to present any evidence which reflects a subjective state of mind evincing deliberate indifference on the part of the Defendants. Therefore, Kunze's claim of an Eighth Amendment violation fails as a matter of law.

The Eighth Circuit has consistently recognized that a serious medical need must be supported by medical evidence, such as a physician's diagnosis, or a condition that is obvious to a lay person. *Roberson v. Bradshaw,* 198 F.3d 645, 648 (8th Cir. 1999). The Eighth Circuit has also recognized that "[a] plaintiff's self-diagnosis alone cannot establish that he suffers from a serious medical need when the medical evidence does not support his self-diagnosis." *Id. See Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir.2000) (standard of review; inmate must show more than even gross negligence, and mere disagreement

with treatment decisions does not rise to level of constitutional violation); *Long v. Nix,* 86 F.3d 761, 765 (8th Cir.1996) (prison officials do not violate Eighth Amendment when, in exercising professional judgment, they refuse to implement inmate's requested course of treatment).

The record clearly establishes that Kunze has been subjected to a multitude of physical examinations, diagnostic tests, and numerous studies designed to determine the etiology of his subjective complaints or concerns of having cancer. The clear and undisputed evidence in the record establishes that every physician who has examined and evaluated Kunze to date has concluded that he has exhibited no signs or symptoms of cancer. To say that the medical evidence does not support the self-diagnosis of cancer would be an understatement.

Kunze is required to provide *some* relevant medical evidence, whether it be through expert testimony or otherwise, to establish the existence of a serious medical need. In this case, Kunze's claims are based entirely on self-diagnosis. At a minimum, Kunze has an affirmative burden to show there is a genuine issue for trial based upon reliable, verified medical evidence and not simply a self-diagnosis. Kunze now contends that an unnamed doctor of his deceased sister diagnosed him (Kunze) with oral cancer at some undisclosed point in time. It appears from Kunze's responses that this unnamed doctor based the diagnosis of cancer on information provided by Kunze's sister rather than upon a consult and examination of Kunze. Kunze has failed to provide any evidence of this physician's opinion and has never identified the doctor by name. Aside from the self-diagnosis of cancer, Kunze has failed to present any medical evidence or expert testimony that demonstrates he has a serious medical need. This does

establish a prima facie violation of the Eighth Amendment.

The Court finds the medical evidence overwhelmingly contradicts any assertion that Kunze suffers from terminal cancer. The undisputed evidence demonstrates that Kunze has failed to meet his burden of establishing a prima facie violation of the Eighth Amendment.

### B. FAILURE TO SHOW DELIBERATE INDIFFERENCE

To the extent Kunze's claims assert that Drs. Ebel, Diehl, and Fiechtner have shown deliberate indifference to Kunze's medical needs, the Court finds that claim must fail as well. Kunze's self-diagnosis of cancer does not establish that he has a serious medical need that has been ignored and left untreated to date. The medical evidence clearly contradicts any assertion that Kunze suffers from terminal cancer.

Even if Kunze could proved that he has a serious medical need, he has not provided the Court with any credible evidence to support the assertion that the Defendants were deliberately indifferent to his medical needs. There is no evidence in the record before the Court to show that the Defendants ignored Kunze's persistent complaints to concerns. There is no evidence in the record to show that the Defendants were deliberately indifferent to Kunze's medical needs, or that the Defendants were negligent on in any manner mishandled Kunze's case. The United States Supreme Court has defined deliberate indifference as "something more than negligence." There is simply no evidence in the record before the Court to support a claim of negligence much less any evidence reflecting a deliberate indifference to Kunze's medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To the contrary, the record before the Court clearly shows that the Defendants were attentive and thorough in the care and treatment rendered to date.

The Court finds that the medical evidence contradicts any assertion that Kunze suffers from terminal cancer. The undisputed evidence demonstrates that Kunze has failed to meet his burden of establishing a prima facie violation of the Eighth Amendment.

### III. CONCLUSION

The Defendants' Motion for Summary Judgment (Docket No. 44) is **GRANTED.** The claims against Defendants Diehl, Ebel, Fiechtner are dismissed.

**IT IS SO ORDERED.**