# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-2902

_____

Victor Ray Burton

*Plaintiff - Appellant*

v.

Stephanie Kastings; Terry Mitchell, Nurse; Amanda Gibson, Nurse; Dr. Michael Hakala, also known as Unknown Hakala; Tammi Martinez

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: March 3, 2015
Filed: March 9, 2015
[Unpublished]

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Victor Ray Burton appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action, in which he sought damages against Dr. Michael Hakala and nurses Stephanie Kastings, Terry Mitchell, Amanda Gibson, and Tammi Martinez. He claimed Eighth Amendment violations based on alleged delays in treating a right hand injury he sustained in a November 2009 altercation with another inmate, and which required surgery in February 2010. Burton argues on appeal that the district court erred in granting summary judgment to defendants and in denying his Federal Rule of Civil Procedure 60(b) motion challenging that order; and in denying his motions for counsel, contending in part that counsel could have perfected service on three other nurses he had named as defendants, who were dismissed under Federal Rule of Civil Procedure 4(m) for failure to serve within the requisite time limit.

Upon de novo review, we conclude that summary judgment was warranted, see Peterson v. Kopp, 754 F.3d 594, 598 (8th Cir. 2014); and that there was no abuse of discretion in the denial of the Rule 60(b) motion, see Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 460 (8th Cir. 2000). Although in Burton's Rule 60(b) motion, he challenged the district court's reliance on certain medical records, he did not dispute that the records were his or that they accurately reflected the treatment defendants had provided; and, as the district court noted, he did not object to the records in his resistance to summary judgment and he submitted some of the same records. While the delays in treatment reflected in the medical records--such as a delay in performing an x-ray after Burton's injury--are troubling, we agree with the district court that they did not rise to the level of deliberate indifference. See Vaughn v. Gray, 557 F.3d 904, 908 (8th Cir. 2009) (mental state akin to criminal negligence-- i.e., disregarding known risk to inmate's health--is required to prevail on Eighth Amendment claim). In any event, we agree with the district court that Burton failed

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

to offer verified medical evidence that the delays caused him harm.  See Moots v. Lombardi, 453 F.3d 1020, 1023 (8th Cir. 2006).  Burton relied below on the obviousness of his injury while waiting for an x-ray as evidence of harm, but such obviousness was relevant to whether he had a serious medical need, see Roberson v. Bradshaw, 198 F.3d 645, 648 (8th Cir. 1999), which was undisputed.  To the extent he relied on an x-ray report from April 2010 to show harm, that x-ray was done after he injured the same hand in a later fight at a different prison.

We also find no abuse of discretion in the denial of counsel, as Burton's filings in response to the summary judgment motions showed he was capable of proceeding on his own; and he did not suffer prejudice from the failure to serve the unserved defendants, as the claims against them were based on the same factual allegations.  See Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006).  Accordingly, we affirm the judgment of the district court, and we deny Burton's pending motion for counsel.

_____